UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                 :

UNITED STATES OF AMERICA,           :      14-CR-26 (ARR)
                                                 :

                                               :      <u>NOT FOR ELECTRONIC</u>
      -against-                      :      <u>OR PRINT PUBLICATION</u>
                                               :

VINCENT ASARO,                    :      <u>OPINION & ORDER</u>
JEROME ASARO,                  :
JACK BONVENTRE,              :
THOMAS DI FIORE, and         :
JOHN RAGANO,                   :
                                             :
                  Defendants.        :
                                             :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

      Defendant John Ragano ("Ragano"), through counsel, has moved pursuant to Rule 14 of

the Federal Rules of Criminal Procedure for severance of his trial from the trial of his

codefendants. Ragano and his four codefendants, who are alleged to be affiliates of the Bonanno

crime family, are charged in the Superseding Indictment with one count of extortionate

collection of credit conspiracy (Count Two), one count of extortionate collection of credit (Count

Three), and one count of racketeering conspiracy based on the collection of an unlawful debt

(Count Four). DE #43. Three of Ragano's codefendants are also charged with an additional

racketeering conspiracy charge based on a pattern of thirteen alleged racketeering acts (Count

One). Ragano requests severance of his trial from those of his codefendants on the grounds that

the extensive preparation and evidence that will be required for his codefendants' prosecution on

Count One will substantially extend the time required to try the case beyond what would be

required if he were to be tried separately. Ragano argues he would suffer prejudice if tried

together with his codefendants because of the delay and additional evidence involved in

1

prosecuting the count with which he is not charged. For the reasons to be discussed, Ragano's motion is denied at this time.

Under Rule 14, a district court may sever a defendant's trial if the prospect of a joint trial "appears to prejudice a defendant." The decision whether to grant a severance is "committed to the sound discretion of the trial judge." United States v. Spinelli, 352 F.3d 48, 54 (2d Cir. 2003) (quoting United States v. Blount, 291 F.3d 201, 209 (2d Cir. 2002)). It is appropriate where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Rittweger, 524 F.3d 171, 179 (2d Cir. 2008) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). The determination whether prejudice exists is a highly fact-specific enquiry, and the defendant bears an "extremely difficult burden" to show prejudice sufficient to entitle him to severance. United States v. Barret, 824 F. Supp. 2d 419, 433 (E.D.N.Y. 2011).

Here, Ragano argues that a joint trial with his codefendants will result in severe "spillover prejudice" (1) because the time necessary to prepare for Count One is substantially more significant than the time that would be required to prepare for trial solely on the charges against him and (2) because the additional evidence that is relevant only to Count One but that would be introduced in a joint trial will impact the jury's assessment of his guilt. Ragano argues that, even if properly instructed, would not be able to segregate the evidence it is or is not allowed to consider with respect to the charges against him.

Ragano has failed to meet the heavy burden required to show such prejudice as to dictate in favor of severance. First, the indictment is not so complex that a jury will be unable to separately weigh the evidence against each individual defendant on each charge. The case

involves only four defendants, and Ragano is charged in three of the four counts in the indictment. Second, although Ragano is not charged in the Count One racketeering conspiracy involving thirteen predicate acts, there is significant overlap in the evidence that will be offered on that charge and the charges against Ragano. The government has indicated that it intends to introduce much of the same evidence to prove the existence of an enterprise for both Count One and Count Four. Moreover, Racketeering Act 13 related to the First Count is based on the same underlying facts as Counts Two through Four, and therefore will involve the same evidence. It also appears that much of the evidence to be introduced against Ragano's codefendants on Count One would also be admissible against him as evidence of his involvement in the Bonanno crime family and the conspiracies with which he is charged. With proper instructions to consider the evidence separately against each defendant, any risk of "spillover prejudice" may be eliminated. Third, there is no indication that severance would serve the ends of judicial efficiency and economy, as separate trials would require repetition of witness testimony and other evidence. Separate trials would require duplicative efforts by the prosecution, judge and witnesses.

Accordingly, at this time, severance of Ragano is not justified under Rule 14, and his motion is denied.

SO ORDERED.


_/s/_____
Allyne R. Ross
United States District Judge

Dated:      April 7, 2014
            Brooklyn, New York